UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.          )<br>)           2:19-cr-00149-JDL-3<br>NATHANIEL RIVERA,          )<br>)<br>Defendant.          ) | |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

On February 18, 2020, Nathaniel Rivera pled guilty to conspiring to commit a Hobbs Act robbery, in violation of 18 U.S.C.A. § 1951(a) (West 2023). He was sentenced to 97 months of imprisonment, to be followed by three years of supervised release. Rivera, who has served just over a third of his term of imprisonment, now moves, pro se, for compassionate release (ECF No. 223) under 18 U.S.C.A. § 3582(c)(1)(A)(i) (West 2023).[1]

Under the compassionate release statute, as amended by the First Step Act of 2018, Pub. L. No. 115−391, § 603(b), 132 Stat. 5194, 5239-41 (codified at 18 U.S.C.A. § 3582(c)−(d)), a court may consider a defendant's motion to reduce or modify his sentence either "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C.A. § 3582(c)(1)(A). After considering relevant factors under 18 U.S.C.A. § 3553(a) (West 2023), a court may

---

[1] The motion that is the subject of this Order does not explicitly reference this statute. However, I construe it as a motion for compassionate release based on the nature of Rivera's requested relief.

1

adjust a defendant's sentence if it finds "extraordinary and compelling reasons" warrant a reduction consistent with applicable Sentencing Commission policies. *Id.* § 3582(c)(1)(A)(i). A petitioner for compassionate relief bears the burden to show "*individualized* extraordinary and compelling reasons." *United States v. Blodgett*, No. 2:16-cr-00059-GZS, 2022 WL 7494256, at *2 (D. Me. Oct. 13, 2022) (emphasis added).

Rivera seeks a reduction of his sentence or, alternatively, to serve some portion of his remaining sentence in home confinement. In support, Rivera argues that the conditions of his imprisonment as well as the care needs of his mother, great grandmother, and niece justify a sentence reduction or modification. Rivera cites his rehabilitation in prison as further support for his motion. The Government concedes that Rivera's motion is properly before the court but disagrees on the merits, contending that Rivera has not shown extraordinary and compelling reasons for compassionate release and that the section 3553(a) sentencing factors weigh against his request.

Rivera has not demonstrated compelling and extraordinary reasons to reduce or modify his sentence. His proffered justifications, both individually and collectively, fall short of that high bar. His comments on prison facilities and policies are generalized statements about the conditions of confinement applicable to the prison population at large, not just him. His family circumstances, though sympathetic, are not among those the Sentencing Commission considers extraordinary and compelling. *See* U.S.S.G. § 1B1.13 cmt. n.1(C)). And his rehabilitation, however

admirable, cannot, as a matter of law, be the sole basis for his requested relief. *See* 28 U.S.C.A. § 994(t) (West 2023).

Because Rivera has not asserted facts that might lead me to conclude that extraordinary and compelling reasons warrant a sentence reduction or modification, his motion for the same (ECF No. 223) is **DENIED** without prejudice.

**SO ORDERED.**

Dated: September 28, 2023

                                                                    /s/ JON D. LEVY
                                          **CHIEF U.S. DISTRICT JUDGE**