UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA,     )
     )
     )
v.     )     2:19-cr-00149-LEW-3
     )
NATHANIEL RIVERA,     )
     )
     Defendant     )

**RECOMMENDED DECISION ON MOTION TO COMPEL**

In February 2020, Defendant pled guilty to conspiring to commit Hobbs Act robbery; the Court sentenced Petitioner to ninety-seven months in prison.  (Guilty Plea, ECF No. 91; Judgment, ECF No. 177.)  Defendant has been serving his sentence at FCI Petersburg in Virginia.

Defendant recently filed a letter advising that he is entitled to be placed in home confinement based on time credits earned while in prison, but that he is still being confined in federal prison.  Defendant asked that his filing be construed as a motion to compel. (Motion, ECF No. 234.)  Defendant apparently requests that this Court, which is the sentencing court, compel the Bureau of Prisons (BOP) to place him in home confinement.

After a court imposes a sentence, the BOP, rather than the sentencing court, is responsible for the calculation of the sentence and time credits.  *See* 18 U.S.C. § 3624(a)-(b); *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) ("Courts have original jurisdiction over imposition of a sentence.  The Bureau of Prisons is, however, responsible for computing that sentence and applying appropriate good time credit.").  If a prisoner seeks to challenge or enforce the rules and regulations governing the implementation or

execution of the sentence rather than the legality of the conviction or sentence, the prisoner must exhaust the internal BOP remedies and then file a petition pursuant to 28 U.S.C. § 2241 in the court with jurisdiction over the place of confinement rather than the sentencing court. *McKinney v. United States*, No. 1:18-CR-00084-JAW-3, 2022 WL 1997242, at *3 (D. Me. June 6, 2022); s*ee also*, *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement"); *Francis v. Maloney*, 798 F.3d 33, 36 (1st Cir. 2015) (noting that § 2241 petitions are the traditional method for challenging BOP decisions regarding prison placement and time credits). Because this Court does not have jurisdiction to grant the relief requested, if the Court were to consider Defendant's request as a motion to compel, the denial of the motion would be appropriate.

The Court could reasonably construe Defendant's filing as a § 2241 petition, despite Defendant's characterization of his filing as a motion to compel. When a petitioner seeks habeas relief from the incorrect federal district court, the court must dismiss the petition or, if it is in the interest of justice, transfer the case to any district or division where it could have been filed properly. 28 U.S.C. §§ 1406(a), 1404(a), 1631; *Ozturk v. Trump*, No. 25-CV-10695-DJC, 2025 WL 1009445, at *11 (D. Mass. Apr. 4, 2025). Absent unusual circumstances, other courts in this circuit have generally transferred rather than dismissed such petitions. *See, e.g.*, *Tham v. Adducci*, 319 F. Supp. 3d 574, 578 (D. Mass. 2018) ("there is a rebuttable presumption in favor of transferring a case instead of dismissing it") (citing *Britell v. United States*, 318 F.3d 70, 73–74 (1st Cir. 2003)). Considering the law's

preference for deciding cases on the merits, and because there is an identifiable court that likely would have jurisdiction to consider a § 2241 petition requesting the relief Defendant seeks in his letter, if the Court were to construe Defendant's letter as a § 2241 petition, the interests of justice would support a transfer to the United States District Court for the Eastern District of Virginia.

Based on the foregoing analysis, I recommend that (a) to the extent Defendant asks this Court to compel the BOP to calculate his earned credits such that Defendant must be released to home confinement, the Court deny the motion as the Court lacks jurisdiction to grant the requested relief, and (b) the Court construe Defendant's filing as a motion for relief under 28 U.S.C. § 2241 and transfer the matter to the Eastern District of Virginia.

## <u>NOTICE</u>

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 9th day of July, 2025.

3